**WAN GUANG LIN, Petitioner,**

v.

**Eric H. HOLDER, Jr., United States Attorney General \*, Respondent.**

No. 08–3794–ag.

United States Court of Appeals, Second Circuit.

July 17, 2009.

---

\* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric H. Holder Jr. is automatically substituted for former Attorney General Michael B. Mukasey as respondent in this case.

Jeannine Quijije, Law Offices of Fuhao Yang, PLLC, New York, NY, for Petitioner.

Michael F. Hertz, Acting Assistant Attorney General, Civil Division, Leslie McKay, Assistant Director, Office of Immigration Litigation, Stefanie Notarino Hennes, Trial Attorney, United States Department of Justice, Civil Division, Office of Immigration Litigation, Washington, D.C., for Respondent.

PRESENT: WALKER, PIERRE N. LEVAL and JOSÉ A. CABRANES, Circuit Judges.

### SUMMARY ORDER

Petitioner Wan Guang Lin, a native and citizen of the People's Republic of China, seeks review of a July 3, 2008 order of the BIA affirming the November 1, 2006 decision of Immigration Judge ("IJ") Javier Balasquide denying his applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Wei Guang Lin*, No. A 99 668 482 (B.I.A. July 3, 2008), *aff'g* No. A 99 668 482 (Immig. Ct. N.Y. City Nov. 1, 2006). We assume the parties' familiarity with the underlying facts and procedural history in this case.

When the BIA adopts the decision of the IJ and supplements the IJ's decision, this Court reviews the decision of the IJ as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir.

2005). We review the agency's factual findings, including adverse credibility findings, under the substantial evidence standard. 8 U.S.C. § 1252(b)(4)(B); *see also Corovic v. Mukasey*, 519 F.3d 90, 95 (2d Cir.2008). For asylum applications governed by the REAL ID Act of 2005, the agency may, considering the totality of the circumstances, base a credibility finding on an asylum applicant's demeanor, the plausibility of his or her account, and inconsistencies in his or her statements, without regard to whether they go "to the heart of the applicant's claim." 8 U.S.C. § 1158(b)(1)(B)(iii). Thus, we "defer ... to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir.2008).

As an initial matter, because Lin fails to challenge the agency's denial of his claim based on his illegal departure from China, we deem any such challenge waived. *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 541 n. 1, 545 n. 7 (2d Cir. 2005).

Additionally, substantial evidence supports the IJ's adverse credibility determination. In denying relief based upon an adverse credibility determination, the IJ found that Lin's testimony that he began practicing Falun Gong in June 2006 conflicted with his later testimony that he did so in June 2005. The IJ further found that Lin's testimony that he moved to and worked in Fuzhou City in May 2006 conflicted with his asylum application, which did not indicate that he lived or worked there. Lin asserts that he reasonably explained those inconsistencies and that, in any case, they were too minor to support an adverse credibility determination. Contrary to Lin's argument, under the REAL ID Act, "an IJ may rely on *any*

inconsistency or omission in making an adverse credibility determination as long as the 'totality of the circumstances' establishes that an asylum applicant is not credible." *Xiu Xia Lin,* 534 F.3d at 167; *see Matter of J–Y–C–,* 24 I. & N. Dec. 260, 265 (BIA 2007). Moreover, a reasonable factfinder would not have been compelled to credit Lin's explanation that he was "nervous" during his testimony and that he did not list his employment in Fuzhou City because he was not considered a "formal employee." *See Majidi v. Gonzales,* 430 F.3d 77, 80–81 (2d Cir.2005). The IJ also properly found that Lin's deficient corroboration rendered him unable to rehabilitate his testimony. *See Xiao Ji Chen v. U.S. Dep't of Justice,* 471 F.3d 315, 341 (2d Cir.2006).

■ Taken as a whole, the IJ's adverse credibility determination was supported by substantial evidence. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin,* 534 F.3d at 167. Therefore, the IJ properly denied Lin's applications for asylum, withholding of removal, and CAT relief where the only evidence that he would be persecuted or tortured depended on his credibility. *See Paul v. Gonzales,* 444 F.3d 148, 156 (2d Cir.2006); *Xue Hong Yang v. U.S. Dep't of Justice,* 426 F.3d 520, 523 (2d Cir.2005).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).